MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Gunn, | ) No. CV 1-08-1039-SRB |
|   Plaintiff, | ) **ORDER** |
| vs. | ) |
| James Tilton, et al., | ) |
|   Defendants. | ) |

Plaintiff Kevin Gunn, who is confined in the Chuckawalla Valley State Prison in Blythe, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1).[1] This case was reassigned to the undersigned judge on November 24, 2008. The Court will order Defendant Ramos, Crounse, and Stevens to answer one Eighth Amendment claim and will dismiss the remaining Eighth Amendment claim and the remaining Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

---

[1] Plaintiff also filed a Motion for Appointment of Counsel (Doc. #7), which United States Magistrate Judge Dennis L. Beck denied (Doc. #10).

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Complaint

In his Complaint, Plaintiff names as Defendants Director of Corrections James Tilton and the following individuals, all of whom are employed at the California Correctional Institution (CCI) in Tehachapi, California: Acting Warden F. Gonzalez, Associate Warden M. Witcher, Acting Captain J.D. Ramos, Lieutenant D. Crounse, and Sergeant Stevens.

Plaintiff claims that two events at CCI violated the Eighth Amendment prohibition against cruel and unusual punishment. First, he claims that, for several days, Defendant Ramos ordered Defendants Crounse and Stevens to order their subordinates to force Plaintiff and the other inmates to walk to the morning and evening meals clad only in their boxer shorts, a t-shirt, and shower thongs. Plaintiff asserts that, as a result, he was deprived of "a 'basic human need' (appropriate clothing)," was "subjected to . . . extreme cold and hot temperatures," and contracted an "upper respiratory infection lasting nearly two weeks in duration."

Second, Plaintiff claims that Defendant Ramos ordered Defendants Crounse and Stevens to order their subordinates to force Plaintiff and other inmates, while the inmates' dormitory was being searched, to remain outdoors, in the direct sun, for six hours while wearing only boxer shorts, a t-shirt, and shower shoes. Plaintiff alleges that he was forced to urinate in the grass because he requested to use a restroom but Defendants Crounse and Stevens ignored him and other corrections officers told Plaintiff to "shut up." Plaintiff asserts that, although Defendants Ramos, Crounse, and Stevens provided water to their subordinates, corrections officers denied Plaintiff's request for water and told him to "shut up." Plaintiff alleges that, "[a]fter several hours of sitting in the nearly 100 degree heat," the inmates were allowed to use the bathroom in the dining hall. However, the sink in the dining hall was not working and corrections officers denied Plaintiff's request to use the water fountain that was located "only yards away." Plaintiff claims that, after six hours in the direct sun, partially clad and without shelter or water, Plaintiff suffered from dehydration and

sunburn. Plaintiff contends that Defendants Ramos, Crounse, and Stevens "(1) all participated in the event, (2) heard the complaints of Plaintiff Gunn, and (3) failed to remedy it."

Plaintiff seeks a jury trial, monetary damages, and his costs of suit.

### III.   Failure to State a Claim

#### A.   Failure to Link Defendants with Injuries

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

Plaintiff does not allege that Defendant Tilton personally participated in a constitutional deprivation or was aware of widespread abuses and, with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further misconduct, or formed policies that resulted in Plaintiff's injuries. In addition, Plaintiff's

vague and conclusory allegations that the events "show[] a continued pattern of abuse that derives from a common nucleus of operative facts, which are promulgated, endorsed, ratified, and conformed to by the administration of this facility," is insufficient to state a claim against Defendant Gonzalez or Defendant Witcher.

Thus, Plaintiff has failed to state a claim against Defendants Tilton, Gonzalez, and Witcher, and the Court will dismiss them, without prejudice.

### B.     Failure to State a Claim

To comply with the Eighth Amendment's prohibition against cruel and unusual punishment, a prison must provide prisoners with "adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) (citation omitted). However, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. See Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979) (noting that a *de minimis* level of imposition does not rise to a constitutional violation).

Plaintiff's claim that he was deprived of "appropriate clothing," and "subjected to . . . extreme cold and hot temperatures," while he walked from his dormitory to meals twice a day is not the sort of inconvenience that rises to the level of a constitutional violation. Therefore, the Court will dismiss Plaintiff's claim regarding his walks to meals.

## IV.    Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has stated a claim under the Eighth Amendment against Defendants Ramos, Crounse, and Stevens regarding the incident where Plaintiff was forced to remain outdoors for six hours, while in the direct sun, minimally clad, and deprived of a restroom or water. The Court will require Defendants Ramos, Crounse, and Stevens to answer this claim.

## V.    Warnings

### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include

- 4 -

JDDL

a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants Tilton, Gonzalez, and Wicher are **dismissed** without prejudice.

(2) Plaintiff's Eighth Amendment claim regarding his walks to meals is **dismissed** without prejudice.

(3) Defendants Ramos, Crounse, and Stevens must answer Plaintiff's claim under the Eighth Amendment against regarding the incident where Plaintiff was forced to remain outdoors for six hours, while in the direct sun, minimally clad, and deprived of a restroom or water.

(4) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Ramos, Crounse, and Stevens.

(5) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(6) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(7) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 16th day of January, 2009.

_____
Susan R. Bolton
United States District Judge